# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **HOLLY GOODWIN,** | |
| Plaintiff, | |
| | **Civil Action No. _____** |
| v. | |
| **RELX, INC.** | |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Holly Goodwin ("Plaintiff") and files this Complaint against Defendant RELX, Inc. ("RELX" or "Defendant"), showing the Court as follows.

## INTRODUCTION

1.

This is an action arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), and Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12102, *et seq.* ("ADA").

## PARTIES

2.

Plaintiff is a female, a resident of Acworth, Georgia, and is over the age of forty (40). She worked for RELX from July 2021 to January 19, 2024. Plaintiff is a lung cancer survivor.

3.

Defendant RELX is a publicly traded corporation headquartered in London, England, and doing business in Georgia. Its principal office address is 1105 North Market St., Ste. 501, Wilmington DE, 19801. It may be served through its Georgia registered agent at C T Corporation System, 289 S. Culver St., Lawrenceville, GA 30046-4805.

4.

Defendant has fifteen (15) or more employees and is subject to actions of this kind and nature.

## JURISDICTION AND VENUE

5.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.

Venue is proper under 28 U.S.C. §1391 (b) and (c), as Defendant does business in, and the harms alleged occurred in, this district.

7.

Plaintiff has satisfied all administrative pre-requisites, including the timely filing of a Charge with the Equal Employment Opportunity Commission ("EEOC") on June 5, 2024. This lawsuit is timely filed, within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue, issued on November 25, 2024.

## **FACTS**

8.

Plaintiff was hired by RELX as a Client Manager in July of 2021.

9.

Because of Plaintiff's serious health condition (she is a lung cancer survivor), she informed her manager, Cher Collins (hereinafter "Collins"), about her concerns regarding the effects of travel on her health, requesting reasonable accommodation in light of her disability.

10.

In response, Collins promptly instructed Plaintiff that she needed to do *more* travel – which Plaintiff did, despite its challenges and risks to her health.

11.

In October of 2023, in a one-on-one meeting with her manager, Plaintiff indicated she was sick with bronchitis and struggling due to experiencing four family deaths in a very short time period. Collins callously responded that when things get

rough for her, she just works harder.

12.

After Thanksgiving in 2023, Plaintiff completed work-related travel to Virginia to address a large new account despite still being sick with bronchitis, which then led to pneumonia. Within a few weeks she was sent to the ER by her primary physician, who expressed concerns about her condition and the potential for pulmonary embolisms.

13.

Plaintiff was continually subjected to a toxic and volatile work environment by Collins, where Plaintiff and the other older women on her team were treated extremely poorly by Collins, a younger female manager. Younger and male employees were not treated poorly by Collins. Collins' poor treatment of Plaintiff (an older female employee) included, but was not limited to:

a) Collins speaking to or questioning Plaintiff in a condescending and abusive manner in meetings or presentations with colleagues, other managers, and a VP;

b) Collins requiring Plaintiff to pay for her own work-related travel which was not required by RELX policies;

c) Collins ignoring Plaintiff's expense reports resulting in unpaid invoices, late fees paid by Plaintiff, and potential damage to Plaintiff's credit rating;

d) Collins requiring Plaintiff to do busy work that male colleagues were not made to do;

e) Collins forbidding Plaintiff from making certain deals for her clients that were within her job description;

f) Collins intentionally leaving Plaintiff out of important interactions with her clients and upper leadership in an attempt to sabotage her;

g) Collins consistently speaking about Plaintiff to colleagues and other managers in a disparaging manner;

h) Collins intentionally leaving Plaintiff out of a significant award/recognition opportunity while her counterpart involved in the deal was honored;

i) Collins attempting to set Plaintiff up to fail, including but not limited to, being given an excessive 7-8 packages to sell to 14 agencies when the norm for other client managers is generally three packages (when Plaintiff worked hard and successfully completed this task, the manager denigrated her behind her back to colleagues saying she "just got lucky");

j) Collins failing to compensate/preventing compensation of Plaintiff for a deal she had worked on for 7-8 months and failing to compensate/preventing compensation of Plaintiff for bringing in new agencies for other departments;

k) Collins falsely telling leadership team members that Plaintiff's accounts were in great shape because Collins did all Plaintiff's work on her accounts.

14.

Collins' violative behavior toward older and female employees was widely acknowledged but many on her team feared retaliation should they file a complaint. Collins had received a negative evaluation from her team and she yelled at the team for the results of the evaluation. A similar negative review was given to Collins by her prior team, with a similar response by Collins.

15.

Plaintiff was told that Collins had been targeting her because Collins "wanted her [Plaintiff] gone."

16.

As part of Collins' scheme to terminate Plaintiff, she used a "territory elimination" to eliminate Plaintiff's territory, based solely on the results from the Florida segment of Plaintiff's territory. But Plaintiff had successfully secured multiple significant deals in Florida, and the facts did not justify a territory elimination on that basis. There is a formula that must be met to eliminate an individual, and there was no basis to terminate Plaintiff based on that formula. Collins targeted Plaintiff personally and chose to terminate her, despite Plaintiff's successes. Other managers would not/could not reach the same result.

17.

Further, the prior year, a new territory was created for a male team member

hired by Collins. All of Plaintiff's DC accounts and another team member's northeastern territory were taken away and given to the new male colleague. This new male colleague was retained when Plaintiff's employment was terminated.

18.

Plaintiff was terminated on January 19, 2024. Her termination occurred shortly after her request for a reasonable accommodation related to her disability.

19.

The timing of Plaintiff's termination prevented her from receiving an incentive-based trip or its equivalent value, which she had rightfully earned by finishing the year in second place on her team. The prize was given to the third-place finisher after Plaintiff's termination. Upon information and belief, the timing of Plaintiff's termination was intended, in part, to deprive Plaintiff of the award.

## COUNT ONE — TITLE VII

20.

Plaintiff realleges the above paragraphs 1-19 and herein incorporates them by reference to this count.

21.

Defendant is an employer within the meaning of Title VII, 42 U.S.C. 2000e, which applies to all private employers.

22.

Plaintiff was a female employee covered by Title VII.

23.

Defendant's discriminatory actions against Plaintiff on the basis of her gender as stated above, up to and including her termination, constitute a violation of Title VII.

24.

Due to Defendant's unlawful actions, Plaintiff was injured and is therefore entitled to punitive and compensatory damages, back pay, prejudgment interest, reinstatement or front pay, attorneys' fees, costs, and further relief in an amount to be determined at trial.

**COUNT TWO — ADEA**

25.

Plaintiff realleges the above paragraphs 1-19 and herein incorporates them by reference to this count.

26.

Defendant is an employer covered by the ADEA.

27.

Plaintiff was an older employee subject to the protection of the ADEA.

28.

Defendant's discriminatory actions against Plaintiff by treating Plaintiff unfavorably in comparison to her younger colleagues, up to and including her termination, constitutes a violation of the ADEA.

29.

Due to Defendant's unlawful actions, Plaintiff was injured and is therefore entitled to punitive and compensatory damages, back pay, prejudgment interest, reinstatement or front pay, attorneys' fees, costs, and further relief in an amount to be determined at trial.

## **COUNT THREE – ADA**

30.

Plaintiff realleges the above paragraphs 1-19 and herein incorporates them by reference to this count.

31.

Defendant is an employer covered by the ADA.

32.

Plaintiff was a qualified individual with a disability subject to the protection of the ADA.

33.

Defendant's rejection of Plaintiff's request for a reasonable accommodation

without engaging in an interactive process, or hardship analysis is a violation of the ADA. Defendant's retaliatory actions in response to Plaintiff's request for reasonable accommodations are a further violation of the ADA.

34.

Defendant refused to consider or allow Plaintiff's request for a reasonable accommodation that would allow her to perform the essential functions of her job. Defendant then terminated Plaintiff in retaliation for her protected activity under the ADA.

35.

Due to Defendant's unlawful actions, Plaintiff was injured and is therefore entitled to punitive and compensatory damages, back pay, prejudgment interest, reinstatement or front pay, attorneys' fees, costs, and further relief in an amount to be determined at trial.

### **COUNT FOUR – ATTORNEYS' FEES**

36.

Plaintiff realleges the above paragraphs 1-35 and herein incorporates them by reference into this count.

37.

Defendant's violations of Title VII, the ADEA and/or ADA, have caused Plaintiff to incur litigation costs and attorney's fees to remedy the breaches herein.

38.

This Court should award Plaintiff her reasonable attorneys' fees and the litigation costs and expenses of bringing this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

(a) A trial by jury, pursuant to Federal Rule of Civil Procedure 38(b), for all issues so triable;

(b) Find that Defendant is liable to Plaintiff for its Title VII violations for punitive and compensatory damages, back pay, prejudgment interest, front pay, and further relief appropriate under law and in an amount to be determined at trial;

(c) Find that Defendant is liable to Plaintiff for its ADEA violations for punitive and compensatory damages, back pay, prejudgment interest, front pay, and further relief appropriate under law and in an amount to be determined at trial;

(d) Find that Defendant is liable to Plaintiff for its ADA violations, for punitive and compensatory damages, back pay, prejudgment interest, front pay, and further relief appropriate under law and in an amount to be determined at trial;

(e) Award Plaintiff her reasonable attorneys' fees and costs of litigation; and

(f) Award any and other such relief that this Honorable Court or the factfinder deems equitable and just.

**JURY TRIAL IS DEMANDED FOR ALL ISSUES SO TRIABLE.**

Respectfully submitted on February 11, 2025.

/s/ Nancy B. Pridgen
Nancy B. Pridgen, Esq.
Georgia Bar No. 587949

PRIDGEN BASSETT LAW, LLC
138 Bulloch Avenue
Roswell, GA 30075
Phone: 404-551-5884
Fax: 678-812-3654
Email: nancy@pridgenbassett.com

*Attorney for Plaintiff Holly Goodwin*